OSCN Found Document:SOTO v. STATE

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

SOTO v. STATE2014 OK CR 2Case Number: M-2012-1095Decided: 03/27/2014MAXIMINO MANUEL SOTO, Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2014 OK CR 2, __ __

O P I N I O N
A. JOHNSON, JUDGE:
¶1 Appellant Maximino Manuel Soto appeals from his misdemeanor
Judgment and Sentence imposed by the Honorable Ryan D. Reddick, Associate
District Judge, in Case No. TR-2012-376 in the District Court of Beaver County.
Soto was convicted in a non-jury trial of Overweight Vehicle in violation of
47 O.S.2011, §
14-109, and was sentenced to a fine of $290.00 and costs and fees of
$206.50.
FACTS
¶2 On May 17, 2012, Soto was driving a refuse collection
vehicle for his employer, Seward County Waste Management Services. That company
contracts with cities in the Oklahoma panhandle to collect refuse from
residences and businesses and haul it to a landfill in Seward County, Kansas.
Soto was stopped by an Oklahoma Highway Patrol trooper on U.S. Highway 83 in
Beaver County, Oklahoma. The troopers observation of the vehicles tires had
led him to believe it might exceed the allowable weight set by 47 O.S.2011, § 14-109. Weighing of the truck
confirmed it was overweight.
¶3 On appeal Soto argues, as he did below, that the vehicle
weight limitations of Section 14-109 did not apply to his truck because it was a
"refuse collection vehicle" and so falls within an exception to that statute
providing:
E. Exceptions to this section will be:1. Utility or refuse collection
vehicles used by counties, cities, or towns or by private companies contracted
by counties, cities, or towns if the following conditions are met:a.
calculation of weight for a utility or refuse collection vehicle shall be "Gross
Vehicle Weight". The "Gross Vehicle Weight" of a utility or refuse collection
vehicle may not exceed the otherwise applicable weight by more than fifteen
percent (15%). The weight on individual axles must not exceed the manufacturer's
component rating which includes axle, suspension, wheels, rims, brakes, and
tires as shown on the vehicle certification label or tag, andb. utility or
refuse collection vehicles operated under these exceptions will not be allowed
to operate on interstate highways.¶4 The State does not deny Sotos truck was a "refuse
collection vehicle" within the meaning of the statutory exception, but argues
the truck did not qualify for that exception because its owner had not purchased
an overload permit pursuant to Section 14-109(G):
G. Utility or refuse collection vehicles, vehicles transporting
timber, pulpwood, and chips in their natural state, vehicles transporting oil
field equipment or equipment used in oil and gas well drilling or exploration,
vehicles transporting rock, sand, gravel, coal, and flour and vehicles
transporting grain, operating under exceptions shall purchase an annual special
overload permit for One Hundred Dollars ($100.00). ¶5 The single issue raised here is one of statutory
construction: Does a truck owner qualify for the exemption provided in
subsection E without having purchased the special overload permit required by
subsection G?
¶6 We answer that question in the negative and affirm Sotos
conviction and the fine imposed.
¶7 The fundamental rule of statutory construction is to
ascertain and give effect to the intention of the Legislature as expressed in
the statute. State v. Anderson, 1998 OK CR 67, ¶ 3, 972 P.2d 32, 33. Statutes are to be construed
according to the plain and ordinary meaning of their language. Wallace v.
State, 1997 OK CR
18, ¶ 4, 935 P.2d
366, 369-70.
¶8 Judge Reddick did not err in interpreting 47 O.S.2011, § 14-109. The Legislature
obviously intended, and the plain language of the statute states, that
subsection E is providing an "exception" to Section 14-109 weight limits for
refuse collection vehicles. 47 O.S.2011, § 14-109(E). The Legislature
obviously intended, and the plain language of subsection G states, that refuse
collection vehicles "operating under exceptions" shall purchase an annual
special overload permit for $100.00. 47 O.S.2011, § 14-109(G).
DECISION
¶9 The Judgment and Sentence of the District Court of Beaver
County in Case No. TR-2012-376 is AFFIRMED. Pursuant to Rule 3.15,
Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App.
(2014), the MANDATE is ORDERED issued upon the filing of this
decision.
AN APPEAL FROM THE DISTRICT COURT OF BEAVER COUNTYTHE
HONORABLE RYAN D. REDDICK, ASSOCIATE DISTRICT JUDGE
 
APPEARANCES AT TRIAL APPEARANCES ON APPEAL

DANIEL H. DIEPENBROCKAttorney at Law223 North KansasP. O.
Box 2677Liberal, KS 67095COUNSEL FOR APPELLANT
ABBY M. CASHAssistant District AttorneyBeaver County
Courthouse111 West 2nd StreetP. O. Box 849Beaver,
OK 73932COUNSEL FOR THE STATE

DANIEL H. DIEPENBROCKAttorney at Law223 North KansasP. O.
Box 2677Liberal, KS 67095COUNSEL FOR APPELLANT
E. SCOTT PRUITTAttorney General of OklahomaJENNIFER B.
MILLERAssistant Attorney General313 N.E. 21st
StreetOklahoma City, OK 73105COUNSEL FOR THE
STATE
OPINION BY: A. JOHNSON, J.LEWIS, P.J.: ConcurSMITH, V.P.J.:
ConcurLUMPKIN, J.: ConcurC. JOHNSON, J.: Concur

Citationizer© Summary of Documents Citing This DocumentCite
Name
Level
None Found.Citationizer: Table of AuthorityCite
Name
Level
Oklahoma Court of Criminal Appeals Cases CiteNameLevel 1997 OK CR 18, 935 P.2d 366, Wallace v. StateDiscussed 1998 OK CR 67, 972 P.2d 32, 70 OBJ 789, State v. AndersonDiscussedTitle 47. Motor Vehicles CiteNameLevel 47 O.S. 14-109, Single-Axle Load Limit - Gross Weight of Vehicle and Load - Exceptions - Additional Fees - "Utility Vehicle" DefinedDiscussed at Length